[Hereford v. Hereford.]

# Hereford *v*. Hereford.

*Statutory-Action of Ejectment.*

1. *Description of property; latent ambiguity; admissibility of extrinsic evidence.*—The description in a deed of a lot conveyed therein as "said lot of land known as a part of lot number 5 in square number 20, in that part of the city of Montgomery laid off on the Scott property, said lot beginning at the *north corner* of Mary Ann Green's lot, running north 35 feet, thence 75 feet west, thence running south 35 feet, thence east 75 feet, to the corner or place of beginning," is not a patent ambiguity; and where extrinsic evidence has been introduced to show the identity and situation of the lot described.in said deed, from which it appears there was uncertainty and ambiguity in such description, it is competent for the person claiming under said deed in an action of ejectment, to introduce parol evidence to explain or remove such uncertainty or ambiguity.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was a statutory action of ejectment, brought by the appellant, Harry Hereford, against the appellee, Lucy Hereford, to recover a certain lot or tract of land specifically described in the compliant. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf, to the giving of which charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. Thereafter the court, on motion of the defendant, granted her a new trial, and from this judgment granting such new trial, the present appeal is prosecuted, and the rendition of this judgment is assigned as error.

[Hereford v. Hereford.]

HARMON, DENT & WEIL, for appellant.—In the construction of written instruments, the general rule excludes any direct evidence of the intention of the parties except such as is furnished by the writing when considered in connection with the surrounding facts and circumstances, and while parol evidence is admissible to explain an ambiguity, which is not apparent on the face of the writing, or to point out and connect the writing with the subject matter, and to identify the subject matter proposed to be described, such parol evidence must not be inconsistent with the writing itself.—*Guilmartin v. Wood*, 76 Ala. 204.

Parol evidence cannot be received to show a mistake in the description of the premises in a conveyance or to alter or vary the boundary as specified, or to establish another and different boundary from that expressed in the deed.—*Guilmartin v. Wood, supra*.

While parol evidence may be received to identify the subject matter of a conveyance, the identification must be established by proof of facts—facts still existing or which are shown to have once existed. Opinion or conjecture of what was intended will not do.—*Bernstein v. Humes*, 71 Ala. 260.

A deed describing an undefined part of a lot of land is void for uncertainty.—*Dykes v. Bottoms*, 101 Ala. 390.

E. P. MORRISSETT and HILL & HILL, *contra*.—After the plaintiff introduced evidence showing the character of the Green lot and that it had two north corners, it was competent for the defendant to introduce extrinsic evidence to show the location of the lot owned by Harry Hereford, the plaintiff, and that it could only be correctly described by the language of said deed, by commencing at the north-east corner of said Green lot. *Humes v. Bernstein*, 72 Ala. 554; *Guilmartin v. Wood*, 76 Ala. 204; *Chambers v. Ringstaff*, 69 Ala. 140; *Thompson v. Gordon*, 72 Ala. 455; *Hawkins v. Hudson*, 45 Ala. 482; *Hart v. Redd & Co.*, 64 Ala. 85.

HARALSON, J.—The lot sued for is described in the complaint, as "A part of lot No. 5 in Square No. 20 in that part of the city of Montgomery, State of Alabama,

[Hereford v. Hereford.]

laid off on the Scott property; said lot beginning at the *north-east corner* of lot formerly owned by Mary Ann Green, thence, running north 35 feet, thence 75 feet west, thence south 35 feet, thence east 75 feet to the point of beginning, said point of beginning being about 78 feet north of the north-west corner of the intersection of Union and Columbus streets," etc.

The plaintiff claims title under a deed from E. W. Taylor and wife to him, duly executed on the 30th of September, 1884, in which the land is described as a lot of land in the city of Montgomery, Alabama, "said lot of land known as a part of lot number 5 in square number 20, in that part of the city of Montgomery laid off on the Scott property, said lot beginning at the *north corner* of Mary Ann Green's lot, running north 35 feet, thence 75 feet west, thence running south 35 feet, thence east 75 feet to the corner or place of beginning."

The defendant holds and claims title to the lot under a deed from the plaintiff to her, duly executed on the 10th January, 1898, in which the lot is described in substantially the same manner, and in almost the same words as in the deed from Taylor and wife to the plaintiff, copied above. In both the deeds, the beginning of the particular description, is "at the *north corner* of the Mary Ann Green lot." We have in each deed everything to make the description certain, except that the beginning of the particular description is placed at the *north corner* of the Green lot, instead of at its *north-east corner*. If the north-east corner of the said Green lot had been specified in the initial part of description, there would have been no uncertainty of description, when the boundaries of the Green lot were once shown. In construing a deed, where the description is by metes and bounds, "evidence of the situation and locality of the premises, and of their identity is admissible. But such evidence is not admissible to show a mistake in the description, or alter or vary the boundary, or to substitute another and different boundary for the one expressed in the conveyance."—*Guilmartin v. Wood,* 76 Ala. 209.

The plaintiff introduced in evidence a diagram of the premises, showing the relative situations of the lot sued

for and the Green lot. The latter, by this plat, is a parallelogram fronting on the east and south of Union and Columbus streets respectively, with its longer sides,—about 78 feet long,—running north and south, and its shorter sides,—about 51 feet long,—running east and west. The northeast corner of the Green lot is the beginning of the eastern boundary of the lot sued for, which, like the Green lot, is also a parallelogram, but with its longest sides running east and west, and its shortest ones north and south, the north boundary of the Green lot being, to the extent of its width, 51 feet, the south boundary of the lot in question. This evidence, on the part of plaintiff, was proper to show the identity and situation of the lot in litigation. The defendant, in connection with her deed, offered to show by parol, that she was in possession of a lot in said square 20 of the Scott plat in Montgomery which would be correctly described by both deeds offered in evidence, if the *northeast* corner of the Green lot were taken as a point of departure in description; that this was the only lot she owned or occupied in that square or elsewhere; that she was in possession of the same at and before the execution of the deed by plaintiff to her, and has since been in continuous possession, holding the same under said deed; that by beginning the description at the north *west* corner of said Green lot and following the courses mentioned in the deed, it would embraced land never owned or in the possession of plaintiff as claimed by him or defendant. The court refused to allow the defendant to introduce the evidence to explain or remove said alleged uncertainty, excluded her deed from the jury, and gave the general charge for the plaintiff. Afterwards, the court, on motion of the defendant, granted her a new trial, from which ruling the appeal is prosecuted by plaintiff.

The defendant's deed on its face does not contain a patent ambiguity; it does not equally describe two lots. In such case parol proof of what was intended by the parties to the deed will not be received.—*Chambers v. Ringstaff*, 69 Ala. 143. But by evidence outside this deed, a latent ambiguity in its description does arise, to remove which parol evidence is competent. In order

[Hereford v. Hereford.]

to describe the lot conveyed, the north corner of the lot formerly owned by Mary Ann Green is referred to. This lot, as shown by the diagram introduced n evidence by the plaintiff, has two north corners,—the northeast and northwest,—said lot being a parallelogram, as is shown, with its short sides running 51 feet, each, from east to west, and its long sides, 77.50 feet in length, running north and south.   The lot in defendant's deed by the description therein employed, is, as we have seen, also a parallelogram adjoining said Green lot, with its southeast corner at the northeast corner of the Green lot.   The evidence offered by defendant to clear the uncertainty in the description of the lot in her deed was competent, and should not have been excluded.   Having reference to the situation and locality of the premises, in connection with the Green lot with boundaries well defined, we may arrive with certainty at the meaning of the parties in the use of the words "north corner."   By beginning at the northeast corner of the Green lot, the particular calls and courses described in the defendant's deed are clearly met; and by beginning at its northwest corner, these calls and courses are not appropriate, and cannot be made to describe any lot ever owned by plaintiff or defendant in lot 5, square 20 of the Scott lands. This construction gives force and meaning to the grantor's deed, without altering the description or substituting another and different one, from the description expressed in the conveyance.   Without this, his deed is of no force or effect.   As has appeared, the deed of Taylor to plaintiff under which he claims the lot, has the identical description as the one from plaintiff to defendant.   Whatever of indefiniteness of description there was in plaintiff's deed, he attempted by fuller averment in his complaint and proof to make more certain, in order to show his own title; but this method of curing any uncertainty of description in his deed, and showing the identity of the lot he claimed, while legitimate and proper, was not more so than the effort of defendant by similar proof to show the identity of the property mentioned in her deed from plaintiff.   What was good for one in this respect, was good for the other.

[Pruett *et al.* v. Pruett.]

The court, recognizing the error into which it had fallen in excluding evidence and giving the general charge for plaintiff, sought very properly to cure it in granting the defendant a new trial.

Affirmed.