(79 South. 472)

HARRIS v. BYRD.    (2 Div. 641.)

(Supreme Court of Alabama.    June 20, 1918.)

1. APPEAL AND ERROR ⊚⟶1033(8)—HARMLESS ERROR—FAVORABLE ERROR.

In ejectment, where verdict was for plaintiff, defendant cannot complain of a judgment rendered by consent of plaintiff against plaintiff for the costs of the suit.

2. DEEDS ⊚⟶38(1)—VALIDITY—CERTAINTY OF DESCRIPTION.

If the monuments and boundaries mentioned in a deed are to be found, then the description is certain because it can be made certain.

3. DEEDS ⊚⟶38(1)—CERTAINTY OF DESCRIPTION.

Where it appears from a description in a conveyance that the shape of the land is triangular, if the quantity of land and the angle between two sides are given, description is sufficient.

4. EVIDENCE ⊚⟶460(6)—UNCERTAINTY IN DESCRIPTION.

Parol evidence is admissible to explain or remove uncertainty or ambiguity which constitutes a latent ambiguity in a conveyance, but is not admissible to show a mistake of description or to vary or substitute a different description.

5. ADVERSE POSSESSION ⊚⟶66(2) — BOUNDARIES.

Where one claims land up to a certain line, due to mistake or uncertainty as to the boundary line between two tracts, an indispensable element of adverse possession is wanting.

Appeal from Law and Equity Court, Marengo County; E. J. Gilder, Judge.

Statutory action in nature of ejectment by Sallie U. Byrd against George W. Harris. Judgment for plaintiff, and defendant appeals. Affirmed.

Jesse V. Boyles, of Thomasville, for appellant. Arthur M. Pitts, of Selma, for appellee.

MAYFIELD, J. This was a statutory action in the nature of ejectment, brought by appellee against appellant. The complaint describes the land as follows:

"Beginning at the middle of old gateway near the southeast corner of the northwest quarter (N. W. ¼) of northwest quarter (N. W. ¼) of section thirteen, township twelve, range two (2) east, running north twenty-three (23) degrees east, one hundred and one (101) chains and (80) eighty links to the northern boundary line of section twelve; thence east two (2) chains to an old fence; thence in a southwardly direction along the old fence row as it now runs to the place of beginning, the said land being a part of sections twelve (12) and thirteen (13), township twelve (12), range two (2) east, and containing one hundred acres more or less."

The verdict was for plaintiff, and described the land recovered as follows:

"All lands sued for lying east of a line running in a N. E. direction from the center of the old gateway in the N. W. ¼ of section 13, to a point on the N. line of section 12, one hundred feet W. of the N. W. corner of N. E. ¼ of N. E. ¼ of section 12, being the same line set forth in deed from Thomas W. Harris and wife to George W. Harris and wife, recorded in Deed Book JJ, page 44, records of Marengo county, Alabama."

[1] Judgment for plaintiff was accordingly rendered for the lands described in the verdict; but judgment was rendered by consent of plaintiff in open court, against her, for the costs of the suit. This, of course, was irregular; but we fail to see how it could be of injury or detriment to the defendant (appellant here) if plaintiff was entitled to recover. Nor does it appear that plaintiff's consent to the judgment against her for the costs influenced the verdict in the least as to the recovery of any part of the land described in the verdict or in the judgment.

[2] It is insisted by the appellant that the description of the land in the complaint, verdict, and judgment is void for uncertainty. We cannot agree to this contention. It is evident that the description is not void on its face. The language used does not contribute to the invalidity or insufficiency of the description. If the land described is uncertain, the uncertainty must be shown by parol and extended by proof. In other words, if the monuments and boundaries mentioned are to be found, then the description is certain because it can be made certain.

A description, though indefinite, may be sufficient if the court can, with the aid of extrinsic evidence which does not add to or change the description, fit it to the property described. Rogers v. Keith, 148 Ala. 225, 42 South. 446.

[3] Where it appears from the description in a conveyance that the shape of the land is triangular, if the quantity of land and the angle between the two sides are given the description is sufficient. Hayes v. Martin, 144 Ala. 532, 40 South. 204.

[4] Parol evidence is admissible to explain or remove uncertainty or ambiguity which constitutes a latent ambiguity in a deed, mortgage, or other conveyance; but such evidence is not admissible to show a mistake of description or to alter, vary, or substitute different descriptions. Hereford v. Hereford, 131 Ala. 573, 32 South. 620; Guilmartin v. Wood, 76 Ala. 209.

Where a deed does not contain on its face a patent ambiguity and does not equally describe two lots, parol proof of what was in-

tended by the parties will not be received, but it will be received to remove a latent ambiguity. Hereford v. Hereford, supra; Chambers v. Ringstaff, 69 Ala. 143.

Id certum est, quod reddi potest. Loyd v. Guthrie, 131 Ala. 71, 31 South. 506.

This court has gone the full length in admitting parol evidence to sustain the validity of deeds assailed upon the grounds of indefiniteness in the description of the land. And as said in Cottingham v. Hill, 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923:

"The rule which we have adopted promotes justice and does not open the door to fraud and perjury. In all cases, the writing has been sufficient to show a bona fide sale and conveyance was intended by the parties, and, where this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified." Chambers v. Ringstaff, 69 Ala. 140; Tobias v. Treist, 103 Ala. 664, 15 South. 914; Webb v. Elyton Land Co., 105 Ala. 471, 18 South. 178.

The description of the property conveyed must, however, possess such data as will afford a basis for the parol evidence. It must be so designated as to enable its identification and location by parol. Griffin v. Hall, 111 Ala. 601, 20 South. 485; Harrelson v. Harper, 170 Ala. 121, 54 South. 517.

If the calls and mouments mentioned in the description are to be found, and can be found by the sheriff or by a surveyor aiding him, then there is no such uncertainty as to render the description void. Even where lands are described by government numbers, a surveyor may be necessary to ascertain the boundaries.

It conclusively appears from this record that the only real dispute between these parties is a disputed boundary line between two tracts of land, one known as the Byrd tract, and the other as the Morgan tract. The plaintiff owns and claims the Byrd tract, and the defendant, the Morgan tract. Neither appears to claim any part of the other tract, but the dispute is as to the boundary line between the two adjoining tracts. It also appears that both tracts were once owned by Judge Byrd and Gen. Morgan as tenants in common, and that they divided the common property into two tracts, each conveying to the other, thus partitioning the lands; and that the plaintiff claims the Byrd tract by chain of title from Judge Byrd, and defendant the Morgan tract, by chain of title from Gen. Morgan.

[5] There is some evidence in the record which, if considered alone, might tend to show that defendant claims by adverse possession a part of the land allotted to Judge Byrd, but which, if considered with all the other evidence, would show that this claim was really due to mistake or uncertainty as to the boundary line between the two tracts. The chain of title through which the defendant claims limits the extent of the land conveyed to the Morgan tract, and some of the deeds go to the extent of saying the Morgan

tract "and no more." So the defendant really had no color of title to any land except the Morgan tract; and if the plaintiff was in actual possession of the lands sued for, and the same were a part of the Byrd tract, then certain subsequent deeds under which defendant claims title, which attempted to convey the lands sued for, so adversely held, were void as against the plaintiff. The deeds in question were executed before the present statute, and hence are not controlled by it. The trial court, at the request of plaintiff, properly instructed the jury to this effect.

The case of Brown v. Cockerell, 33 Ala. 38, at an early date announced the rule as to adverse possession of lands, on account of dispute or uncertain boundary lines, and that case has been repeatedly followed, even down to the case of Wyman v. Walker, 177 Ala. 72, 58 South. 403. What was said in that case is apt and conclusive in this. It was there said:

"If a party occupied lands up to a certain fence, because he believes it to be the line, but having no intention to claim up to the fence, if it should be beyond the line, an indispensable element of adverse possession is wanting."

And, after making other quotations, the court says:

"There is no evidence between C. and B. for the establishment of a dividing line. It is clear that B. held the land in controversy for many years beyond that necessary to effect a bar, honestly believing that the fence row was the dividing line, and that it belonged to him; but his testimony leaves no doubt that he never intended to claim any land in section 4, and held possession and claimed it, believing that it was in section 5, and contained in his deed, and that if he had known it was not in section 5 he would not have claimed it."

The evidence here convinces us that the defendant and those under whom he claims never intended to hold or claim any part of the Byrd tract of land, but only the Morgan tract; and hence the only real dispute was over the establishing of this boundary line. While no suggestion of this was made by the defendant, as might have been done under the statute, the question was really litigated and, in part at least, decided by the jury; and we are not able to say that it was incorrectly decided.

There were a great number of charges requested by both parties, many being given and many refused. It would serve no good purpose to discuss these separately; no new question of law is involved in any of them. Nearly all were stereotyped charges, which have been repeatedly held good or bad by this court in cases like this. Those refused to the defendant were either bad, or calculated to mislead the jury, owing to the particular evidence in this case, or were argumentative or abstract. We find none given at the request of the plaintiff which were bad, and which were not proper when applied to the evidence and the issues in this case. The case seems to have been well tried both by counsel and by the trial court, and we fail

to find any error which was prejudicial to the defendant. The most of the errors we find were rulings in its favor.

We find no reversible error as to the rulings on the evidence. Appellant does not really insist in his argument as to any error in this respect.

It will be observed that the jury, by their verdict, really fixed the boundary line as that described in one of the deeds which constitutes a link in the chain of the defendant's title, and which he introduced in evidence.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.