<hr />

(95 South. 871)

BYARS v. HOWELL. (8 Div. 461.)

(Supreme Court of Alabama. April 5, 1923.)

1. Ejectment ⊜109—Affirmative charge for defendant held erroneous under pleadings and evidence.

Where the answer contained a plea of disclaimer and of not guilty in the same sentence, the plaintiff demurred to pleas 1 and 2, the court sustained the demurrer to plea 1 and overruled it to plea 2, but there was no showing as to whether the plea of not guilty was considered as applying to the entire tract or only to the part not included in the disclaimer, and the evidence was undisputed that plaintiff was entitled to the portion covered by the disclaimer, an affirmative charge for defendant was erroneous, since plaintiff was entitled to judgment for the part covered by the disclaimer.

2. Boundaries ⊜40(1)—Evidence held to raise jury questions whether fence was true boundary and whether defendant intended to claim adversely.

In a suit involving a question as to boundaries between coterminous landowners, to which Code 1907, § 2830, has no application by its express terms, evidence held to raise questions for the jury as to whether the fence between the parties was located upon the true boundary line, and whether defendant intended to claim to the fence if it included land not covered by his deed, so that it was error to give the general affirmative charge for defendant.

3. Appeal and error ⊜695(3)—Absence of maps from bill of exceptions held not to prevent reversal of affirmative charge.

Where maps of the premises in question had been introduced in evidence, but the witnesses described the lands in an intelligent manner, and there affirmatively appeared in the bill of exceptions evidence sufficient to authorize a verdict for plaintiff if believed by the jury, error in giving the affirmative charge for defendant was shown, although the maps were not in the bill of exceptions.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Action in ejectment by A. S. Byars against W. S. Howell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

G. O. Chenault, of Albany, for appellant.

If one of two adjacent landowners extends his fence, so as to inclose lands belonging to his neighbor, in ignorance of the true boundary line, such possession will not be adverse to the true owner. Taylor v. Fomby, 116 Ala. 626, 22 South. 910, 67 Am. St. Rep. 149; M. & G. R. Co. v. Rutherford, 184 Ala. 207, 63 South. 1003. It was error to give the affirmative charge for defendant.

Callahan & Harris, of Decatur, for appellee.

All intendments are indulged in favor of the rulings of the lower court. 2 R. C. L. § 184; Prattville Cotton Mills Co. v. McKinney, 178 Ala. 554, 59 South. 498; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543. Count 3 and the judgment entry being silent as to leave to amend or file it, then the count is no part of the record. Broun, Jr., Timber

<hr />

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Co. v. Coleman, 190 Ala. 315, 67 South. 243; Shelby Iron Co. v. Bean, 203 Ala. 78, 82 South. 92; Carland & Co. v. Burke, 197 Ala. 435, 73 South. 10; Doss v. Wadsworth &c. Co., 185 Ala. 597, 64 South. 341. In the absence from the record of the map or diagram referred to in the evidence, error cannot be pronounced upon the giving or refusal of the affirmative charge. So. Ry. Co. v. Kendall & Co., 14 Ala. App. 242, 69 South. 328; Hale v. T. C. I. Co., 183 Ala 507, 62 South. 783; Dancey & Ratliff, 201 Ala. 162, 77 South. 688; Warble v. Sulzberger, 185 Ala. 603, 64 South. 361; Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22; Montgomery v. Ferguson, 207 Ala. 430, 93 South. 4. Defendant having negotiated for the land bounded by the fence, and having occupied and cultivated the same, believing the fence to be the true line, is presumed to have so held under claim of right. Hess v. Rudder, 117 Ala. 531, 23 South. 136, 67 Am. St. Rep. 182.

MILLER, J. This is a statutory ejectment suit brought by A. S. Byars, appellant, on April 4, 1921, against W. S. Howell, appellee, to recover possession of a strip of land in the form of a parallelogram being 30 feet wide and $265^7/_{12}$ yards long, bounded on the north by land of W. S. Howell (defendant), on the east by lands of C. C. Prince's estate, on the south by land of J. J. Terry, and on the west by Moulton and Decatur pike road. There was judgment on verdict in favor of the defendant, from which the plaintiff prosecutes this appeal.

The defendant demurred to counts 1 and 2, which demurrers were sustained by the court. The plaintiff then filed amended count numbered 3, and designated it "Complaint as Last Amended. Count No. 3." The defendant filed a plea and labeled it, "Answered to Complaint as Last Amended," which evidently referred to count 3, as it alone has on it "Complaint as Last Amended." This answer pleads disclaimer as to part of the land, and not guilty as to the remainder of it. It avers a wire fence runs east and west through this lot the full length $265^7/_{12}$ yards, and defendant disclaims possession of all of the lot sued for lying south of this fence, and pleads not guilty to all lands sued for lying north of this fence.

This answer is marked "No. 2," but just before setting out the answer has "1st," and the disclaimer and not guilty plea form one sentence, commencing with the disclaimer and ending with the not guilty plea. The plaintiff demurred to pleas 1 and 2. The court sustained demurrers to plea 1 and overruled demurrers to plea 2, so we must conclude that the court sustained demurrers to the disclaimer and overruled demurrers to the plea of not guilty. The judgment recites, "Issue being joined let a jury come," etc. So the case was tried on either a plea of not guilty to the entire count (No. 3), or on plea

of not guilty as to all of the lot north of the fence, and without any plea as to that part of the lot south of the fence. The record is not clear in this respect.

The court gave the general affirmative charge with hypothesis in favor of the defendant, and refused to give a similar charge in favor of the plaintiff.

[1] The clear and undisputed evidence shows the plaintiff had a deed conveying to him the entire lot sued for, and his title to that part of it south of the wire fence was undisputed. There was no evidence tending in any way to show any claim or title of defendant to that part of the lot; so, if there was no plea on file as to it, the plaintiff was entitled to a judgment for it; and, if the plea of not guilty was on file to the entire lot, then the court erred in giving the general affirmative charge for the defendant, and it erred in refusing to give the one requested by the plaintiff.

[2] This is a case, as shown by the evidence, involving a question as to boundaries between coterminous landowners, and in such cases section 2830 of the Code of 1907 has no application.

T. J. Caffey once owned the lot in dispute as well as the land north of it, now owned by the defendant. The evidence tends to show, when he sold and conveyed the land north of it, about 22 acres, to Willis Ray in 1904, he reserved—did not convey—this strip 30 feet wide involved in this litigation. Witness Caffey sold and conveyed the land in dispute, and described in the complaint, to the plaintiff on November 18, 1919. Willis Ray sold and conveyed the 22 acres of land received by him from Caffey to W. W. Windham, Windham sold and conveyed the same to W. K. Pickens, and Pickens and wife conveyed it to the defendant in October, 1917.

There was evidence that there was a fence inclosing this 22 acres or parts of it, which ran through the lot sued for exactly or practically where the present wire fence is located when the defendant purchased it, and a fence has been kept there continuously since then. There was evidence tending to show no part of the land here sued for was described in or conveyed by the deed to defendant. The evidence disclosed that this division fence placed a part of this 30-foot strip sued for on the side belonging to the defendant. Under the evidence offered by the plaintiff over half of the land in dispute was on the defendant's side of the fence joining his 22 acres. There was evidence tending to show defendant had been in possession of it continuously since the date of his conveyance in 1907. T. J. Caffey testified:

"Howell [defendant] never claimed any of it [meaning the 30-foot strip] until this suit was started. I mean by that I never heard him claim it; I don't know what he claimed when I wasn't around. He talked like, to me, he would buy it."

The defendant testified:

"Q. Now, if any of that land is not described in your deed, do you claim it? A. I claim it to the fence to where I bought it.

"Q. Do you claim anything that is not described in your deed? A. I don't claim any land to the fence.

"Q. Mr. Howell do you claim any land except described in your deed? A. Why, no sir.

"Q. You have not claimed any all along only that is under the fence. You have not claimed any since you have lived here except the land described in your deed from Pickens. A. Well, I have not claimed any only what I bought.

"Q. The land you bought is described in the deed, isn't it? A. Of course.

"Q. You have not intended to claim any land except what is described in your deed? A. Why of course not; no, sir."

Under the conflicting evidence and its tendencies, it was for the jury to determine whether or not the wire fence was the true boundary line between the adjacent landowners, plaintiff and defendant, and whether the defendant intended to claim the land adversely to the wire fence as the boundary line or to claim adversely only to the true boundary line, wherever it may be, as shown by the deed. Taylor v. Fomby, 116 Ala. 621, 22 South. 910, 67 Am. St. Rep. 149; Mobile & G. R. Co. v. Rutherford, 184 Ala. 204, headnotes 2 and 3, 63 South. 1003.

[3] It is true there is evidence that a map of the town and a map of the lot in question and adjacent lots were before the court and jury as evidence, but they do not appear in the bill of exceptions. The witnesses in their testimony describe the lot and adjacent lands as from these maps in an intelligent manner, and there affirmatively appears in the bill of exceptions evidence sufficient to authorize a verdict in favor of the plaintiff, if believed by the jury. Under these circumstances, we must hold the court erred in giving the affirmative charge for the defendant, although the maps are not in the bill of exceptions. This court, in McMillan v. Aiken, 205 Ala. 40, 88 South. 139, wrote:

"If in any aspect of the case the plaintiff was entitled to recover, and the jury believed the evidence tending to support such phase, the general charge should not be given for defendant." See authorities there cited under headnotes 9–11.

There are other errors assigned, which we need not consider, as they may not arise on another trial, and, if they should, they will be presented differently.

For the error mentioned, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.