## SANDERSON v. HODGES. (6 Div. 815.)

(Supreme Court of Alabama. June 14, 1923.)

Trial ⚮140(I)—Discrepancy between direct and cross examination of defendant held not to authorize affirmative charge for plaintiff.

Where defendant's testimony on direct examination, claiming possession of the disputed strip of land since 1887, was qualified on cross-examination, that fact did not entitle the plaintiff to the general affirmative charge with hypothesis.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action of ejectment by J. M. Hodges against Noah Sanderson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for appellant.

The action of the trial court in refusing to submit the cause to the determination of the jury was error. Byars v. Howell, ante, p. 191, 95 South. 871. Where a line between two coterminous owners is recognized as such by both for 10 years, it becomes the legal boundary line, regardless of the lines described in their deeds. Hess v. Rudder, 117 Ala. 525, 23 South. 136, 67 Am. St. Rep. 182.

J. P. Middleton, of Hamilton, and J. M. Pennington and A. F. Fite, both of Jasper, for appellee.

If a party occupy lands up to a certain fence, but had no intention of claiming to the fence, an indispensable element of adverse possession is wanting. Harris v. Byrd, 202 Ala. 78, 79 South. 473; Smith v. Bachus, 195 Ala. 8, 70 South. 261; Davis v. Caldwell, 107 Ala. 526, 18 South. 103.

THOMAS, J. The suit was for the recovery of the E. ½ of S. W. ¼, section 2, township 11, range 14. The general affirmative charge, with hypothesis, was given at plaintiff's request in writing.

The evidence shows that this 80 acres of land were conveyed to plaintiff (Hodges) December 18, 1895, by A. J. Hamilton and wife and J. P. Pearce and wife; that plaintiff, "in the fall of 1900," built a house thereon and "moved into this house in January, 1901," and held the lands (as plaintiff testified) until "defendant took part of it" some "time last winter or late in the fall" (the trial was had October 11, 1922), and later extended his (defendant's) fence on the east side of the land.

The defendant, Sanderson, on January 7, 1887, purchased of said Hamilton the W. ¼ of S. E. ¼, section 2, township 11, range 14, the tract immediately east of the land for which the suit is brought. Defendant, as a witness,

gave evidence on cross-examination that was susceptible of contrary inference to that given on direct examination. It is shown that Hodges bought and claimed the E. ½ of S. W. ¼, and Sanderson bought the W. ½ of S. E. ¼ of the same section, township, and range, yet there was evidence that tended to show that they claimed to indicated lines, boundaries, monuments set up, and marks of former surveys; that is, defendant so held.

The affirmative charge was improperly given. Brown v. Cockerell, 33 Ala. 38; Davis v. Caldwell, 107 Ala. 526, 530, 18 South. 103; Smith v. Bachus, 195 Ala. 8, 70 South. 261; Harris v. Byrd, 202 Ala. 78, 79 South. 472; Byars v. Howell (Ala. Sup.) 95 South. 871.[1] If defendant may be said to have brought his case on his cross-examination within the principle announced in Harris v. Byrd, supra, there was a tendency of his evidence that warranted the submission of the question of adverse possession to the jury. McMillan v. Aiken, 205 Ala. 35, 88 South. 135. The fact that defendant, as a witness, appeared to qualify, on cross-examination, his statements on direct examination that he claimed to the Clark line, etc., and had been in possession of same since "along toward Christmas, 1886," did not authorize the trial court to act alone on this evidence given on cross-examination and give the affirmative charge. Jones v. Bell, 201 Ala. 336, 77 South. 998.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.