(105 So. 652)

## HODGES v. SANDERSON.   (6 Div. 326.)

(Supreme Court of Alabama.   June 18, 1925.
Rehearing Denied Oct. 22, 1925.)

**1. Adverse possession ☞115(5)—Intention of adjacent landowners in holding to established lines for jury to decide.**

Intention of adjacent landowners in holding to established or agreed lines dividing lands is for jury to decide from all relevant facts and circumstances.

**2. Adverse possession ☞66(1)—Holding of lines under claim of ownership for statutory period makes it legal line regardless of description in deed.**

Where coterminous owners intended to hold dividing line, regardless of whether it is true line, under claim of ownership for 10 years, it becomes legal boundary line, regardless of line described in deeds.

**3. Boundaries ☞35(3)—Expert surveyor properly permitted to interpret surveyor's marks from map.**

In action of ejectment, where a witness qualified as an expert surveyor and was testifying from a map shown to be substantially correct, he was properly permitted to interpret surveyor's marks.

**4. Boundaries ☞35(1)—Custom among surveyors to mark for "certain lines" properly permitted.**

The issue in ejectment being location of dividing lines between adjacent owners, custom among surveyors to mark for "certain lines" was properly permitted.

**5. Boundaries ☞35(3)—Question asked surveyor as to running of dividing lines held proper.**

In action of ejectment, question, "A part was through some cultivated lands and part was not traceable?" asked surveyor of disputed land was proper as calling for a fact of surveys.

**6. Boundaries ☞35(3)—Question asked surveyor as to location of corner in survey held proper.**

In action of ejectment, it was not error to ask witness how far a certain corner located by him in survey was from river, nor was it error to answer "right on the bank."

**7. Boundaries ☞35(3)—Testimony of witness as to evidence of previous surveys held competent.**

In action of ejectment, testimony of a witness who had helped make survey as to evidence of previous surveys was competent as tending to indicate that he knew where survey was and showed its whereabouts by surveyor's marks.

**8. Appeal and error ☞1058(1)—Boundaries ☞35(4)—Question to witness as to whether defendant agreed corners in survey were correct should have been permitted.**

In action of ejectment, question put to witness who had testified as to corners of a survey, as to whether defendant agreed the corners were correct, should have been permitted, but ruling was without injury to plaintiff by answer that defendant did not say it was correct.

**9. Witnesses ☞275(2)—Question whether witness thought subdividing line was a crooked line held improper cross-examination.**

In action of ejectment it was improper on cross-examination of defendant to ask him whether he thought a subdividing line was a crooked line, since defendant should have been asked concerning facts, not cognitions.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Action in ejectment by J. M. Hodges against Noah Sanderson. Judgment for defendant, and plaintiff appeals. Affirmed.

Curtis, Pennington & Pou, of Jasper, and John P. Middleton, of Hamilton, for appellant.

The affirmative charge, requested by plaintiff, was erroneously refused. Jeffreys v. Jeffreys, 183 Ala. 617, 62 So. 797; Howard v. Brannan, 188 Ala. 532, 66 So. 433. It was error to permit defendant to ask his witness the custom among surveyors. Mixon v. Pennington, 204 Ala. 347, 85 So. 562. Objection to the question whether witness found hacks and evidences of previous surveys was erroneously overruled. Mixon v. Pennington, supra. The question whether Mr. Sanderson agreed that the corners were correct called for competent evidence, and objection thereto was erroneously sustained. Garrett v.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Sewell, 95 Ala. 426, 10 So. 226; Smithson v. Handley, 206 Ala. 353, 91 So. 447.

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for appellee.

Where a line between coterminous owners is recognized as such by both for 10 years, it becomes the legal boundary line. Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Gibson v. Gaines, 198 Ala. 583, 73 So. 929. Knowledge of one in possession claiming title that his title is defective does not prevent such possession from being adverse. Hoffman v. White, 90 Ala. 354, 7 So. 816; Riggs v. Fuller, 54 Ala. 141; Manly v. Turnipseed, 37 Ala. 522. The intention of adjacent landowners in holding to a certain line, is for the jury. Cox v. Broderick, 208 Ala. 690, 95 So. 186.

THOMAS, J. The trial was had on counts A, B, and C, and plea of not guilty. This is the second appeal. 209 Ala. 635, 96 So. 871. The former reversal was for the giving of general affirmative charge when there was adverse inference or controverted fact of adverse possession. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. The last trial was had and rulings on charges given and refused were in accord with the former ruling of this court in the same case.

In Cox v. Broderick, 208 Ala. 690, 95 So. 186, the suit was for a strip of land along the lots of coterminous landowners, and the defendant pleaded not guilty, etc. It was held (as to the pertinent question in the instant case) that the provisions of section 2830 of the Code of 1907 had no application to cases involving a disputed boundary between coterminous owners. That the later cases support this announcement is conceded by counsel for appellant. See Home Loan Co. v. Calhoun (Ala. Sup.) 104 So. 797;[1] Gunn v. Parsons (Ala. Sup.) 104 So. 390;[2] Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Sanderson v. Hodges, 209 Ala. 635, 96 So. 871; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Smith v. Bachus, 201 Ala. 534, 78 So. 888; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; McLester Bldg. Co. v. Upchurch, 180 Ala. 23, 60 So. 173; Alexander v. Wheeler, 69 Ala. 332, 340; Hoffman v. White, 90 Ala. 354, 7 So. 816; Davis v. Caldwell, 107 Ala. 526, 530, 18 So. 103; Harris v. Byrd, 202 Ala. 78, 79 So. 472; Brown v. Cockerell, 33 Ala. 38.

[1, 2] The intention of adjacent or coterminous landowners in holding to certain established or agreed lines, fences, monuments, or turnrows dividing their lands, is always a question for the jury to decide from all of the attendant relevant facts and circumstances. Cox v. Broderick, supra; Smith v. Bach-

us, supra. And if the parties intended to hold to such dividing line, regardless of whether it was the true line, if they so hold for the time prescribed by law it completes the bar of the statute. Gibson v. Gaines, supra. Where such a line between coterminous owners is recognized as such line by such owners, with the claim of ownership thereto, for 10 years, it becomes their legal boundary line between their respective properties, regardless of the lines as described in their deeds. Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Gunn v. Parsons, supra; Home Loan Co. v. Calhoun, supra; Smith v. Bachus, 195 Ala. 8, 70 So. 261; McLester Bldg. Co. v. Upchurch, 180 Ala. 23, 60 So. 173.

The charges refused to plaintiff and those given at the request of defendant were according to the former ruling in this case. We have no desire to depart therefrom.

[3] The witness Anthony was testifying from a map in evidence shown to be substantially correct. He gave the several markings of his survey or lines with reference to surveys, distances, physical boundaries, pasture fence, public road, and with reference to Sanderson's home as dividing the lands of the parties. The witness had just stated:

"That line through there represents the true line dividing the southwest quarter and the southeast quarter. It divides the lands of Mr. Sanderson and Mr. Hodges. This dotted line commencing about the true line and varying a little bit west of it represents an old fence row a part of the way only; a part of that was not traceable."

There was no error in the ruling of the court as shown by the subsequent testimony of the witness. The bill of exceptions recites:

"Here counsel for plaintiff asked witness the following question: 'A part was through some cultivated lands, and some part of it was not traceable?'

"The witness answered the above question as follows: 'The indications are that the original corner of this fence row was there. There used to be a fence along there, and there are indications of where it cornered.'

"Defendant objected to what indications there are; the court sustained the objection as to indications; the plaintiff then and there duly excepted to the ruling of the court.

"The witness continued: There is a fence row. It's distinguishable for some distance and then you can't see it any more; you can't discover it after it gets some distance over the hill there. It shows up again before you get to this public road. There is some fields here and the fence row is distinguishable there, and out here is a section, in this part of it, and there is a kind of jump-off. You can tell where the old fence row went there. I never looked for it in that strip of land east of Mr. Hodges' pasture and before you get to the public road."

[4, 5] The custom among surveyors to mark for "certain lines" was properly permitted.

---

[1] Ante, p. 408.     [2] Ante, p. 217.

The witness had qualified as such an expert, and was properly permitted to interpret surveyors' marks.

The question in Mixon v. Pennington, 204 Ala. 347, 85 So. 562, was "You were running this line according to the field notes?" and was objectionable as leading and calling for a conclusion. The foregoing question to Anthony was proper and called for a fact of surveys.

[6] The witness Cashion testified that he helped to make the Clark survey between said lands; that he was acquainted with the line; that in said survey there was "located and established" a corner at the northeast corner of said 80 acres of land. The witness was asked its distance from the river, and stated that it was "right on the bank." He described the line, etc.

[7, 8] There was no error in the question and answer:

"In going along there, did you find hacks and evidences of previous surveys or any timber along there? Well, when we started south, there was a red oak that was marked with two hacks; that was on the line when we first started out."

This was competent as tending to indicate that the witness knew where the Clark line or survey was, and indicated its whereabouts by surveyors' markings. Such was an inference when considered with the other evidence. Plaintiff, in cross-examining this witness, asked "Did Mr. Sanderson agree that those corners down there were correct?" and the defendant's objection was sustained. The witness answered:

"Mr. Sanderson did not say that the corner, which is shown by a rock marker, was the correct corner on the south. He never did say it was correct."

The question should have been permitted. Garrett v. Sewell, 95 Ala. 456, 10 So. 226; Smithson v. Handley, 206 Ala. 353, 91 So. 447; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Spragins v. Fitchcard, 206 Ala. 694, 91 So. 793. However, the witness' answer rendered the ruling without injury.

[9] It was not proper cross-examination of the defendant as a witness to ask "You never thought that line running—the government subdivision line—the true line running between those two 80 acres, was a crooked line, did you?" He should have been asked concerning facts, not cognitions. He testified that he claimed by the marked trees that were on a line that looked to be practically straight.

We find no reversible error. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN. JJ., concur.

