## Reavis v. Reavis.

*Bill in Equity to enjoin Action of Ejectment, and compel Divestiture of Legal Title to Land.*

1. *Cancellation of deed.* — The cancellation or destruction of a deed for land does not divest the title out of the grantee, nor reinvest it in the grantor, though such was the intention of the parties.

2. *When equity will enjoin action of ejectment, and compel divestiture of legal title to land.* — Where the vendor of land has recovered a judgment on the notes for the purchase-money, which the purchaser is unable to pay; and it is thereupon agreed between them and the father of the purchaser, that the father shall pay the judgment, and shall take a deed for the land directly from the vendor, and that the vendor's unrecorded deed to the purchaser shall be cancelled and destroyed; and this agreement is fully executed, — a court of equity will enjoin an action of ejectment subsequently instituted by the son against the father, and decree a divestiture of the legal title out of the son in favor of the father.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. CHARLES TURNER.

G. W. HEWITT, for appellant.

PORTER & MARTIN, *contra.*

B. F. SAFFOLD, J. — At the suit of the appellee, the chancellor perpetually enjoined an action of ejectment commenced against him by the appellant, Reavis, Jr., and divested out of the latter whatever title or interest he had in the land in question, and vested it in the complainant; and his decree is now assigned as error.

It is clearly shown that Wiley, Truss, and Landrum sold and conveyed the land to Reavis, Jr., and Taylor, and afterwards recovered judgment against them on the note which they gave for the purchase-money. While the matter was in this condition, the appellee agreed with his son, Reavis, Jr., to buy his half interest in the land for $800, which was a less amount than that of the judgment. In pursuance of this agreement, he paid $233, which was credited on the judgment. Learning then that another judgment had been recovered against his son, and that a balance would remain on the judgment in favor of Truss and Landrum, he refused to complete the contract.

[Lavange v. Burke.]

Thereupon, it was arranged between him and his son, who had obtained the interest of Taylor in the property, and Truss, who had acquired Landrum's interest in the judgment, that the conveyance from Truss and Landrum to Reavis, Jr., and Taylor, which had not been recorded, should be destroyed, and that Truss should convey by deed the entire interest in the land to Reavis, Sr., and transfer the judgment to him, in consideration of his paying the entire balance due on the said judgment. This agreement was carried into effect.

Inasmuch as the destruction of the deed did not have the effect to reinvest Truss with the legal title, his conveyance to Reavis, Sr., is not such a one as can oppose, at law, the title vested in Reavis, Jr., by the deed. It is not denied that the intention of all the parties was to vest in the complainant the absolute title to all of the land. But the defendant, Reavis, Jr., claims that one half interest was to be held by his father in trust for him. This purpose is not supported by any other testimony than his own, while it is directly denied by the deposition of his father. It is also opposed by the facts, that the father paid about $200 more for the property than he had agreed to do for the half interest; and that the son, on several occasions, admitted he had parted with all of his interest. Their contract was, no doubt, induced on the one side, by the inability of the son to satisfy, even in part, the judgment held by Truss, and his apprehension of the liability of whatever interest he retained to the satisfaction of the Weaver judgment subsequently obtained; and, on the other, by the conviction of the father of the necessity of saving what he had paid, by procuring the entire interest, and the judgment, which was a prior incumbrance upon it. Not the least tinge of fraud is shown in the conduct of the complainant. The price paid by him is not shown to have been inadequate. The decree is affirmed.