# Hollingsworth, *et al. v.* Walker.

*Statutory Action of Ejectment.*

98 543
103 384
98 543
135 810

1. *Surrender of deed does not devest title.*—A surrender by the grantee to the grantor of a deed to lands, does not thereby devest the title of such grantee, and revest the grantor with the legal title.

2. *Proof of a status continuous in its character.*—Proof of the existence, at a given time, of a *status* that is continuous in its nature, raises a presumption that it continues, unless there is testimony to the contrary. And proof that one took possession of lands under claim of title in the beginning of 1881, and was in possession claiming and exercising ownership in November, 1891, when suit was commenced, the inference is that his possession was continuous, though there was an absence or uncertainty of proof of his possession in the years 1882 and 1883.

APPEAL from Gadsden City Court.

Tried before the Hon. JOHN H. DISQUE.

The heirs at law, Fannie Hollingsworth and others, of Joshua R. Walker, brought their action of ejectment against L. K. Walker, the wife and grantee of John F. Walker, to recover the possession of certain lands occupied and claimed by the defendant. These lands had been sold by one Leek, first to Joshua R. Walker, who surrendered and returned the deed to said Leek, who, afterwards, on 28th September, 1880, conveyed by deed the same lands to John F. Walker, who paid for the same, and took possession thereof under his deed, at the beginning of the year 1881. In 1887, John F. Walker, while in possession of the lands conveyed by deed to his wife, the appellee. In 1888 or 1889, Joshua R. Walker moved on to the lands and occupied them with defen-

dant. The heirs at law of said Joshua R. Walker claim under the deed from Leek to their father, and the defendant relied upon ten years adverse possession under deed of September, 1880, to her husband. The whole contest was as to who was in possession. The pleas were the general issue and adverse possession of ten years. The only error assigned is the judgment rendered in favor of the defendant.

GEO. D. MOTLEY, for appellant.—1. Insisted that the statute of ten years adverse possession would not run, because father and son being in possession at the same time, and the legal title being in the father, the possession would be imputed to the legal title, in the absence of express proof to the contrary.—*Scruggs v. Decatur M. & L. Co.*, 86 Ala. 173 ; *Duncan v. Williams*, 89 Ala. 341 ; *Kerr v. Nicholas*, 88 346 ; *Larwell v. Stevens*, 2 McRary (U. S.) 311. 2. Possession, to become adverse, must be actual, visible, uninterrupted and hostile to the title of the true owner.—*Bell v. Denson*, 56 Ala. 444. The burden is on the defendant to show his continuous adverse possession, and no explanation being given by the defendant of the possession during the years 1882 and 1883, the statute could not begin to run until after that time.—*Potts v. Coleman*, 67 Ala. 221 ; *L. & N. R. R. Co. v. Philyard*, 88 Ala. 264. 3. It is the settled law that an entry on land by one having right, has the same effect in arresting the progress of the limitation as the commencement of a suit.—*Henderson v. Griffin*, 5 Peters, U. S. 151.

J. F. BILBRO, for appellant.—1. J. F. Walker moved his father, J. R. Walker, on the place in 1889, who lived with his son till he, the father, died ; but, there is no evidence that said J. R. Walker ever claimed possession, The mere bringing of the father on the place by the son did not interrupt the adverse possession of the latter.—1 Am. & Eng. Ency. of Law, p. 273, and notes. 2. The son's adverse holding commenced with the father's assent, and that assent will be presumed to have continued until there was a clear and specific refusal to further recognize the son's right.

STONE, C. J.—This is a statutory action for the recovery of lands under section 2696 of the Code of 1886.

The lands sued for were originally the property of Jesse C. Leek, under whom both plaintiffs and defendant assert title. The plaintiffs are the heirs at law of Joshua R. Walker, deceased. On the 29th of May, 1877, Jesse C. Leek and wife executed a deed, by which they conveyed the land sued

for to Joshua R. Walker. On the 28th day of September, 1880, Joshua R. Walker and John F. Walker together carried the said deed and surrendered it to said Leek. On that day, at their joint request, Leek and wife conveyed the same lands to John F. Walker; and he, the said John F. Walker, then and there paid to Leek $1,200.00, the agreed purchase price of the land. Early in the year 1881, one Patrick went into possession of the land, and occupied and cultivated it during that year. He entered under a contract of letting from John F. Walker, cultivated as his tenant and paid him rent. Up to this time, neither Joshua R. nor John F. Walker had ever resided on the land. The proof is not very specific whether any one actually occupied the lands during the years 1882 and 1883. John F. Walker testified, that to the best of his recollection he resided on the lands during those years. There was some testimony that John F. Walker did not actually live on the lands until 1884. He testified for himself that he had been in full possession of the lands, living on them and claiming them as his own for more than ten years before the commencement of this suit, Nov. 3, 1891, and had rented the lands and collected the rents; and that Patrick, tenant for the year 1881, went into possession of the lands under him. He testified further, that in 1888 or 1889, he moved his father, Joshua R. Walker, on the place; and that he, said Joshua R., lived in the yard with the witness, until he died in June, 1890. There was no testimony, other than what is here stated, that Joshua R. Walker ever lived on, or exercised any acts of ownership, or asserted any claim to the lands, after the deed was made to John F. Walker in September, 1880, or that during that time he had any tenant in possession of said lands or any part of them.

The surrender back of the deed of May 29, 1877 to Leek did not have the effect of revesting title in the latter. The legal title still remained in Joshua Walker.—*Brady v. Huff,* 75 Ala. 80; *Smith v. Cockrell,* 66 Ala. 64; *Reavis v. Reavis,* 50 Ala. 60; *King v. Crocheron,* 14 Ala. 822; *Gimon v. Davis,* 36 Ala. 589.

It follows, that in the execution of the deed of Sept. 1880, the legal title was not conveyed to John F. Walker, but remained in Joshua R. Walker. We say nothing of the equitable rights, which would vest in John F. Walker by virtue of this transaction, as testified to. That can avail nothing in this action at law. So, the sole question in this case is, whether John F. Walker has acquired a title to the property by ten years adverse holding.

We hold that a fair interpretation of the testimony shows that John F. Walker took actual possession and control of the lands as early as the first of the year 1881; and that he continued to exercise actual dominion over the lands up to the time of the bringing of this suit—more than ten years afterwards. We do not think any unfavorable interpretation can be placed on the absence or uncertainty of proof, as to who actually occupied the lands during the years 1882 and 1883. The natural inference from the testimony is, that whether the said John F. Walker was actually on the lands during those years or not, they were occupied by some person in his right. Proof of the existence, at a given time, of a status that is continuous in its nature, raises the presumption that it continues, unless there is some testimony showing the contrary. This prevents any gap in the continuity of possession; and the said Joshua R. Walker's subsequent actual occupancy of the premises, under the extremest view we can take of the testimony, would not interfere with the continued independent possession of the said John F. Walker.

We concur with the City Court in holding the defendant's plea of ten years adverse possession was made good.

Affirmed.