E. F. DENT, Appellant v. NATHANIEL D. HOBSON, and EARL A. SEAY, Respondents.

Springfield Court of Appeals, April 14, 1915.

1. **JUDGMENTS: Res Judicata: Persons Concluded By.** On the ground of mutual mistake a judgment was rendered reforming a deed given by plaintiff to two defendants and a deed from said defendants to another. Such judgment is *res judicata* in an action later brought by the said grantee for a breach of warranty.

2. ————: ————: **Who Concluded By.** When issues between various defendants are actually decided by the court they become *res judicata* the same as if they arose between opposing parties.

3. ————: ————: **Matters Concluded.** Where a former judgment reformed a deed between two defendants and excluded a strip of land therefrom, such judgment is conclusive, in a subsequent action by one of these defendants for a breach of warranty, that the warranty did not cover said strip.

4. **CONVEYANCES: Reforming: Mistake: Effect of Reformation.** Where the evidence shows that a grantee intended to purchase only so much land as a certain store building stood on, he cannot recover for breach of warranty as to a strip of land mistakenly included in the description in his deed after the deed has been reformed at the suit of a remote grantor so as to exclude such strip.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Wm. P. Elmer* for appellant.

The facts in this case do not constitute *res adjudicata*. Four conditions must concur to render a matter *res adjudicata*: 1. Identity of being sued for; 2. Identity of cause of action; 3. Identity of person; 4. Identity of quality in person. (a) There is no estoppel

or *res adjudicata* among codefendants unless they occupy adverse relations to each other. 24 Am. & Eng. Ency. of Law, page 732 (3); Peters v. St. Louis, 226 Mo. 62, 125 S. W. 1134; Comstock v. Keating, 115 Mo. App. 372, 91 S. W. 416; Charles v. White, 112 S. W. 545; State Bank v. Bartle, 114 Mo. 281. (b) The question of liability of defendants Hobson and Seay to Dent was not an issue in the Fischer case. It was not a matter that could be determined by the court in that case. All the court was called upon to determine and could determine was the mutual mistake of the parties to the first deed and Dent's knowledge of Mrs. Fischer's possession of the disputed land. Dent had no right of appeal from the court's judgment as between himself and Hobson and Seay. Barkhoefer v. Barkhoefer, 93 Mo. App. 373. (c) A judgment is not conclusive as to matters only collaterally in question. North St. Louis, etc., v. Hagerman, 232 Mo. 693, 135 S. W. 42. (d) Parties to be bound by former judgment must appear in same character in both actions. Debert v. D'Arcy, 154 S. W. 1116.

*Gratia Woodside Monegan* for respondents.

(1) In the Fischer case, the court held that Dent only bought the building from Hobson and Seay and was now in possession of the thing that he bought, but that there was a mutual mistake of both parties to the deed in the terms used in describing the same. Never having intended to purchase anything but the building and being now in possession of all that he acquired or ever intended to acquire under his deed, it would necessarily follow that the former suit is decisive of the suit at bar and that no action for damages could lie. Warner v. Mitchell, 167 Mo. App. 715. (2) It is a well-settled law that where the effect of a judgment is to settle a particular issue of fact, that issue must be held *res adjudicata* as to the parties then before the

court, and it is not essential to the conclusiveness of the judgment that all parties to both proceedings are the same. Dodge v. Knapp, 112 Mo. App. 527; Young v. Byrd, 124 Mo. 591, 597; Wiggins v. St. Louis, 135 Mo. 569; Pond v. Haling, 125 Mo. App. 481. (3) The doctrine of *res adjudicata* applies so long as the issues are between the same parties and whether they continue respectively as plaintiff and defendant or reverse this position is not material. It is also immaterial that the forms in which the same issue may arise are different. If it is once finally decided by a competent court on its merits, between the parties whose rights are afterwards sought to be relitigated, the decision binds them. Nor is it essential that all the parties to both proceedings are identical. Fiene v. Kerchoff, 176 Mo. 521; Young v. Byrd, 124 Mo. 597; In re Boeck, 252 Mo. 325; Wiggins v. St. Louis, 135 Mo. 569; Barber Paving Co. v. Field, 132 Mo. App. 638; Emmett v. Aldrich, 231 Mo. 125. (4) It is immaterial that in the former suit the parties were codefendants. When issues between various defendants are actually decided by the court they become *res adjudicata* the same as if they arose between opposing parties. Kansas City v. Mitchner, 85 Mo. App. 39; Fiene v. Kirchoff, 176 Mo. 527; In re Breck, 252 Mo. 326.

ROBERTSON, P. J.—From a judgment in behalf of defendant in an action for an alleged breach of covenant in a warranty deed from defendants to plaintiff, the plaintiff has appealed. The case of Fischer v. Dent, et al. (the defendants in the case at bar), 167 S. W. 977, decided by the Supreme Court, contains most of the facts material to a decision of this case. The alleged breach of the warranty involved in the present case applies solely to the strip of land two feet in width which was involved in the Fischer case. The plaintiff in the present case alleges the commencement of the Fischer suit, notice to the defendants here to de-

fend, their defense in the circuit court, and failure to
follow the suit to the Supreme Court, plaintiff's ex-
penses in doing so and the disposition of that case re-
sulting in the loss of the two feet of land to him caus-
ing the damages he seeks to recover. The defendant
answered alleging the adjudication in the Fischer case
as a bar to this suit and also alleging the same facts
as were involved in the Fischer case as showing the
mistake in the deed from defendants to plaintiff. In
the trial of the case at bar the pleadings, record and
all testimony introduced in the Fischer case were of-
fered in evidence. The trial judge in the present case,
a jury being waived, found that the judgment in the
Fischer case was a bar to this action and that the facts
proven in the trial of the present case disclosed that
there was a mutual mistake in the deed from defend-
ants to plaintiff.

The plaintiff urges here as ground for a reversal
that the judgment in the Fischer case is not conclusive
upon him for the reason that in that case he and the
defendants here were not adversaries and that the
question of the liability of the defendants here upon
their covenant in their warranty deed to him was not
and could not be an issue in that case.

I. In the Fischer case plaintiff there alleged the
same facts with reference to the conveyance from Hob-
son and Seay to Dent as was alleged concerning the
conveyance from Fischer to Hobson and Seay. In that
case Dent appeared and answered separately alleging
his purchase in good faith and his ignorance either of
any mistake as to the deed from Fischer to Hobson
and Seay or in the deed from them to him. His an-
swer concluded with a prayer that the court determine
his title and divest the plaintiff from any claim what-
ever to any portion of said property. Naturally Hob-
son and Seay filed a separate answer denying the ma-
terial allegations of plaintiff's petition and alleged that

they had conveyed the property to Dent. It will thus be seen that in the Fischer case there was directly involved the validity of the deed from Hobson and Seay to Dent. Dent's deed could be invalidated and he be held a purchaser with notice only upon a holding that he not only knew of the mistake in the deed from Fischer to Hobson and Seay but that there was a like mistake in the deed to him from Hobson and Seay. In the trial of the Fischer case plaintiff introduced her testimony, then Hobson and Seay testified and after that Dent went upon the stand and testified in his own behalf. At that point the evidence was all in that entitled Mrs. Fischer to a reformation of her deed to Hobson and Seay and of the deed of Hobson and Seay to Dent. It was essential for Mrs. Fischer's protection under the warranty that she have all the deeds in the chain of title to Dent reformed; it was essential for Hobson and Seay's protection, if the Fischer deed to them was reformed, to have their deed to Dent corrected, but this Dent contested and lost. The judgment in that case reformed his deed; in this Hobson and Seay won a point and Dent lost. They could have been no more adversaries in a suit brought by Hobson and Seay directly against Dent for a reformation of their deed to him. At some place in the Fischer case there must of necessity have been a question between Dent on the one side and Hobson and Seay on the other as to the reformation of their deed to him, since when the court decided to reform Mrs. Fischer's deed to them it became very important that their deed to Dent likewise be reformed, and " 'when issues between various defendants are actually decided by the court they become *res judicata,* the same as if they arose between opposing parties.' " [Fiene v. Kirchoff, 176 Mo. 516, 527, 75 S. W. 608; In re Breck, 252 Mo. 302, 325, 158 S. W. 843.]

II.  Dent insists here that he and Hobson and Seay
were not adversary parties in the Fischer case and he
is correct in this as to the *relief* now sought and if that
had been the question determined in that case he would
now be entitled to try that issue out in a contest square-
ly between him and them (Peters v. City of St. Louis,
226 Mo. 62, 75, 125 S. W. 1134), but the Fischer case
challenged the validity of the contract on which he
now bases his right of recovery; all the parties to the
case at bar were parties in that case, a trial was had
upon practically the same testimony as was offered in
the present case, and it was adjudged as a result there-
of that the deed to plaintiff here should be, and it was,
so reformed as to leave him nothing on which to base
this action.  As said in the opinion in Wolz v. Venard,
253 Mo. 67, 85, 161 S. W. 760, his warranty deed was
cut out root and branch so far as the strip of land is
concerned.  "The deed, therefore, has undergone judi-
cial interpretation in a case where the validity, mean-
ing, force and effect of the deed were necessarily in-
volved," and as Dent was a party thereto "it is not
competent for any court," at the instance of Dent, "to
consider those matters again."  [Fiene case, supra, p.
525.]

III.  Ignoring the question of *res judicata* we yet
have the following finding of facts by the trial court
in the case at bar concerning the deed involved:
"And the court further finds from the evidence
that there was a mutual mistake between the parties
plaintiff and defendants in the execution of the deed
from the defendants to the plaintiff in this, to-wit:
That the plaintiff only intended to purchase the small
store building and the ground upon which it is situated
and extending back thereof, and that the defendants
only intended to convey to the plaintiff the small store
building and the ground upon which it is situated and

extending back thereof. That the plaintiff did not purchase from the defendants and the defendants did not intend to sell to the plaintiff the two feet of ground upon which failure of warranty is alleged in plaintiff's petition, and that plaintiff is now in possession of the ground which he bought and intended to buy from the defendants and that there has been no failure of warranty thereon.''

There is ample evidence upon which to base this part of the finding of facts, on this point not being materially different from the Fischer case, and by reason of these facts the plaintiff should not be allowed to recover damages for the alleged loss of land he did not buy and for which he paid nothing. For these reasons the decision of the trial court should not be disturbed.

The judgment is affirmed.

*Sturgis, J.,* concurs; *Farrington, J.,* concurs in paragraph III.