ALFRED LAPITRE *vs.* EDMOND BRETON, ALIAS EDMOND BUTLER.

Androscoggin.     Opinion, August 5, 1936.

*Aldrich & Aldrich,* for plaintiff.
*Clifford & Clifford,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.   The plaintiff has brought a writ of entry to recover possession of certain land in the Town of Lisbon, Maine, from which he claims to have been disseized by the defendant. The case was submitted to a Referee who found for the plaintiff; written ob-

jections to the acceptance of the report were filed; and on its acceptance exceptions were taken by the defendant.

Two lots of land are mentioned in the plaintiff's writ. There is, however, no controversy with respect to the second. To it the defendant makes no claim. As to a portion of the first lot, the defendant has filed a disclaimer, his contention being that the premises described in the writ overlap to some extent his land.

The evidence is not printed but the contention is that the Referee's findings on their face are erroneous as a matter of law. The rulings of the Referee which are challenged are as follows:

"Referee does not determine that the present plaintiff acquired title to the disputed area."

"The evidence preponderates in favor of the defendant as to title having been conveyed to him of the area he now claims."

Counsel for the defendant cite the well-known rule that the plaintiff must recover on the strength of his own title, and claims that the Referee has, not only made no finding that the plaintiff has title, but has in effect ruled that the defendant has a better title. This contention, however, disregards one important element in the case. The present defendant had in 1906 by a warranty deed conveyed an undivided half interest in the strip in controversy to one Cesaree Greenwood from whose heirs the plaintiff claims title by deed dated January 29, 1921. The Referee's ruling is that notwithstanding the fact that the strip in controversy may not at that time have been owned by those who purported to convey it, yet the defendant, having previously given a warranty deed of it to one from whom through intermediate conveyances the plaintiff acquired title, is estopped now to set up his own title to the land, which he subsequently acquired.

The findings of the Referee must be read as an entirety. They are in accord with the well-established principle that one giving a deed with covenants of warranty can not thereafter deny the recitals in the deed, and set up an after-acquired title in derogation of that conveyed by such instrument. *Doten* v. *Bartlett,* 107 Me., 351, 78 A., 456; *Powers* v. *Patten,* 71 Me., 585.

*Exception overruled.*