20 So.2d 717

**BEASON v. DUKE et al.**

**7 Div. 789.**

Supreme Court of Alabama.

Feb. 1, 1945.

Embry & Weaver, of Pell City, for appellant.

W. T. Starnes, of Pell City, for appellees.

STAKELY, Justice.

By agreement of counsel made for the purpose of shortening the record, it appears that this suit originated in an ejectment suit brought by J. M. Duke and J. M. Duke, Jr., against L. L. Beason for the recovery of certain lands lying in St. Clair County. On the death of J. M. Duke the suit was revived as to deceased in the name of his heirs, J. M. Duke, Jr., and Russell Duke. J. M. Duke, Jr., and Russell Duke are the appellees here. The next proceedings appearing in the record is a bill of complaint filed in equity for the purpose of reforming a certain deed executed by Mrs. J. A. Beason to L. L. Beason (appellant). The basis for the reformation is an alleged mutual mistake in omitting from the description of the property in the deed a description of the property sought to be recovered in the ejectment suit. In view of the agreement of counsel we assume that the cause was transferred to the equity side of the court in order to enable L. L. Beason to establish his alleged equitable defense. There is no doubt that equity has the power by reformation to correct a mutual mistake of the parties in the conveyance of land. Peacock et al. v. Bethea et al., 151 Ala. 141, 43 So. 864.

The bill in equity alleges in substance the mutual mistake made by Mrs. J. A. Beason, as grantor, and L. L. Beason, as grantee, in the description of a deed executed on December 26, 1936. It further alleges that the misdescription in the deed was not discovered until a short time before the ejectment suit was filed on the law side of the court. A copy of the deed is attached as an exhibit to the bill and made a part of the bill. The deed recites a consideration of $1,500 in hand paid, receipt acknowl-

edged, and the further consideration to support the grantor during her lifetime and look after her welfare. The bill further alleges that at the time the deed was executed the lands to be conveyed, including the lands sued for, were pointed out to complainant by Mrs. Beason and he was put in possession thereof. It further alleges that there was in fact no cash consideration to be paid but the whole consideration was the agreement of support and welfare, and that until the death of his aunt, the grantor in the deed, he had "fully and completely performed all the services as agreed."

The respondents demurred to the bill. The court sustained the demurrer, stated in its decree that the bill was incapable of amendment, but did not dismiss the bill. This appeal is from that decree.

The bill makes no reference of any kind either to J. M. Duke or his heirs. Whatever right of reformation, if any, L. L. Beason may have had with reference to Mrs. J. A. Beason, it does not appear from the bill how that right can affect J. M. Duke or his heirs. It is sought, however, to charge the respondents with notice of the claim of complainant by the alleged possession of the lands by the complainant. It is true that where "one is in possession of the premises, the purchaser of such premises is charged with an implied notice of the nature of his title." Sulzbacher v. Campbell, 219 Ala. 191, 121 So. 706, 707. The agreement of counsel shows that the plaintiffs in the ejectment suit were claiming the record title. But there is nothing in the bill to show when, how or under what circumstances such parties (respondents in the bill) acquired their claim to title. They might have acquired such claim prior to the time L. L. Beason was put in possession as alleged; or while possession of L. L. Beason might be presumed to continue from December 26, 1936 (Hollingsworth v. Walker, 98 Ala. 543, 13 So. 6), such presumption is not conclusive. The truth might be to the contrary. The respondents might have acquired their claim to title when L. L. Beason was out of possession subsequent to December 26, 1936.

Accordingly as against the demurrer the allegation that complainant was put in possession of the lands when he received the deed from his aunt, Mrs. J. A. Beason, is not sufficient to charge respond-

ents with notice of complainant's claim and so allow reformation of the deed as to them. "When facts charged are equivocal, that is, when they reasonably permit, but do not demand, the inference upon which the pleader relies, it is necessary that he should color the facts by drawing the inference in question and charging it as a fact." West v. Spratling, 204 Ala. 478, 86 So. 32, 35. See Norton v. Randolph, 176 Ala. 381, 58 So. 283, 40 L.R.A., N.S., 129, Ann.Cas.1915A, 714. The demurrer aptly points out the defect in the bill. The court correctly sustained the demurrer.

Judged by its present allegations, we do not think, however, that the bill is incapable of amendment. The case of Hawkins et al. v. Third, 244 Ala. 534, 14 So.2d 513, does not hold to the contrary. That case decides that where there is a covenant to support in the deed, the right to insist on breach of the covenant is personal to the grantor and where no breach of the covenant was claimed by the grantor and no rescission or cancellation sought in the grantor's lifetime, the heirs of the grantor cannot complain of the breach of the covenant after the grantor's death. The death alone of Mrs. Beason cannot affect the right of L. L. Beason to reformation. His right to reformation and the right she might have had for cancellation because of the covenant to support, are separate and independent equities. Unless the respondents are bona fide purchasers for value or stand in a similar relation, reformation, if granted, will be effective as of December 26, 1936, the date of the deed. Chapman v. Fields, 70 Ala. 403; Copeland v. Warren, 214 Ala. 150, 107 So. 94. See 53 C.J. p. 1055.

Furthermore, the death of Mrs. J. A. Beason does not of necessity preclude proof of the understanding between Mrs. Beason and L. L. Beason, even though the lips of L. L. Beason may be sealed. Pleadings must be decided on their own merits and not on difficulties that may arise in proof of the allegations.

The judgment of the lower court is affirmed and the complainant may amend his bill within thirty days.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.