**Bernice DUMAIS**

v.

**Leo James GAGNON and Nicole Gagnon and Spruce Enterprises, Inc.**

Supreme Judicial Court of Maine.

Argued March 17, 1981.
Decided Aug. 11, 1981.

Robert R. Michaud, Fort Kent (orally), for plaintiff.

* Glassman, J., sat at oral argument and in the initial conference but died prior to adoption of this opinion.

Rudolph T. Pelletier, Madawaska (orally), for Gagnons.

Barnes & Sylvester, Torrey A. Sylvester (orally), Houlton, for Spruce Enterprises, Inc.

Before McKUSICK, C. J., and GODREY, NICHOLS, GLASSMAN * and CARTER, JJ., and DUFRESNE, A. R. J.

GODFREY, Justice.

Spruce Enterprises, Inc. appeals from a judgment of the Superior Court granting Bernice Dumais' prayer for reformation of a deed from her to Leo and Nicole Gagnon. Spruce challenges the judgment on three grounds: first, that there was no competent evidence supporting the trial justice's conclusion that Spruce Enterprises was not a bona fide purchaser for value without notice; second, that the trial justice erred in rescinding certain curative conveyances between Spruce and the Gagnons; and, third, that, as a matter of law, Spruce Enterprises was entitled to recover against Dumais for breach of the covenants in her deed to Spruce. We deny the appeal and affirm the judgment of the Superior Court.

On October 17, 1973, Rose Anna Roy deeded to Bernice Dumais a tract of land in Frenchville, Maine. The deeded land was roughly an indented rectangular parcel that was bordered on the northeast by U.S. Route 1. The highway frontage, which measured about 730 feet, was bounded on the west by a lot belonging to Joel Bellefleur and on the east by a lot owned by Roger Dumais. The tract acquired by Bernice Dumais appears schematically as the blank area in Figure 1 below.

Fig. 1

Next, on July 26, 1974, Bernice Dumais conveyed to Roger Dumais a portion of the tract she acquired from Rose Roy. One effect of that conveyance was to reduce the amount of highway frontage in Bernice Dumais' parcel to 605 feet, as shown schematically in Figure 2.

Fig. 2

On October 8, 1975, Bernice Dumais attempted to convey another part of her property to Leo and Nicole Gagnon as joint tenants. If the conveyed land had been described in the deed as the parties intended, the Gagnons would have received a plot adjoining the southeasterly boundary line of Joel Bellefleur's land. That conveyance would have reduced Bernice Dumais' road frontage to 455 feet, as shown schematically in Figure 3. (The dotted area shows the lot that the parties intended to be conveyed to the Gagnons.)

Fig. 3

In fact, Bernice Dumais' deed to the Gagnons described a plot adjoining Joel Bellefleur's northwesterly boundary line (as shown schematically by the dotted area in Figure 4):

Fig. 4

Mrs. Dumais owned only the lower third of that plot. Unaware of the error, Leo Gagnon staked out a plot adjoining Joel Bellefleur's southeasterly boundary line and installed a culvert.

The last of Bernice Dumais' conveyances occurred on January 26, 1976, when she conveyed by warranty deed the remaining portions of the tract to Spruce Enterprises, Inc. The deed described the entire tract Bernice Dumais had originally received from Rose Anna Roy, and then excepted from that description the parcels conveyed out to Roger Dumais and to the Gagnons. All the deeds in question were duly recorded.

In February of 1976, the Gagnons became aware of the error in their deed from Bern-

ice Dumais when a bank refused to mortgage the land for a construction loan. When the Gagnons asked Robert Michaud, the president of Spruce Enterprises, to deliver to them a corrective deed, Michaud refused to do so without compensation. After some negotiation Michaud agreed to give the Gagnons a deed to the land they had intended to purchase from Bernice Dumais in exchange for $1500 plus a deed to the land the Gagnons had mistakenly purchased.

On September 9, 1976, Bernice Dumais filed in Superior Court a complaint for reformation of her deed to the Gagnons. The complaint named both the Gagnons and Spruce Enterprises as defendants. According to the complaint, both parties to the deed intended that the Gagnons would receive a parcel immediately to the east of Joel Bellefleur's lot. Because the deed mistakenly described a parcel to the west of Bellefleur's lot, Bernice Dumais prayed that the deed be reformed *nunc pro tunc* to reflect the parties' true intentions.

The Gagnons concurred in Bernice Dumais' description of the mistake in the deed. Because they now believed that Spruce Enterprises had falsely claimed ownership of their land, the Gagnons filed a cross-claim against Spruce Enterprises seeking restitution of the $1500 they had paid for the corrective deed. Spruce Enterprises denied any knowledge of a mistake in the deed from Bernice Dumais to the Gagnons and disputed the Gagnons' entitlement to restitution of their $1500. Furthermore, Spruce Enterprises filed a counterclaim against Bernice Dumais for breach of the covenants in her warranty deed to Spruce.

After a trial in the Superior Court, Aroostook County, sitting without a jury, the presiding justice issued his decree in the matter on February 15, 1979. First the justice found as a fact that Bernice Dumais and the Gagnons were mutually mistaken about the land description in the deed from Bernice Dumais to the Gagnons and that the parties intended that the Gagnons should receive a parcel adjoining Joel Bellefleur's southeasterly boundary. Although

that mutual mistake afforded ground for reforming the deed, the justice ruled that reformation would be barred if Spruce Enterprises were a bona fide purchaser from Bernice Dumais for value and without notice of mistake.

The justice found that Spruce Enterprises, through its president, had implied actual notice of the mistake in the deed from Bernice Dumais to the Gagnons. Although Robert Michaud, the president of Spruce Enterprises, may not have known the precise location of the Gagnons' lot, the evidence showed that he knew the lot reduced the highway frontage of the larger tract. The justice found also that Michaud had viewed the premises at a time when he must have seen the stakes Leo Gagnon had placed around the lot he thought he had purchased. Under the circumstances Michaud was under a duty to inquire into the possibility that the Gagnons' lot was misdescribed in the deed from Bernice Dumais. Because Spruce Enterprises was charged with knowledge of that mistake, it lacked the status of bona fide purchaser for value without notice. Therefore, the justice held, reformation was appropriate.

Finally, the justice found that because Spruce Enterprises had notice of the mistake, it had no interest in the Gagnons' lot and hence nothing to convey to the Gagnons by the corrective deed. Concluding that there was no consideration for the Gagnons' payment of $1500, the justice ordered Spruce Enterprises to reimburse the Gagnons for the $1500. Without comment, the justice ordered Spruce Enterprises' counterclaim against Bernice Dumais dismissed.

## I. *The Propriety of Reformation*

On appeal, Spruce Enterprises does not dispute the existence of a mutual basic mistake of fact by Bernice Dumais and the Gagnons that would ordinarily be ground for reformation of the deed from Bernice Dumais to the Gagnons. *See, e. g., Wolff v. Gibney*, Me., 386 A.2d 325, 328 (1978). Nor does Spruce Enterprises contest the trial court's ruling that reformation should be granted unless Spruce Enterprises took

from Bernice Dumais as a bona fide purchaser for value without notice of the Gagnons' claim. *See, e. g., Farley v. Bryant*, 32 Me. 474 (1851). Rather, Spruce Enterprises challenges the factual conclusion that the corporation, through its president, purchased the tract from Bernice Dumais with notice of the Gagnons' rights in their lot. Because Spruce's president, Robert Michaud, never wavered in his assertion that he did not know where the Gagnons' lot was located, Spruce Enterprises argues that the evidence showed conclusively that Spruce had no notice of the Gagnons' claim. We disagree.

■ Actual knowledge of an adverse claim of ownership is not the only form of notice that will deny a purchaser the protected status of bona fide purchaser for value without notice. One who has "knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries" is chargeable with notice of "the facts which by ordinary diligence he would have ascertained." *Gagner v. Kittery Water Dist.*, Me., 385 A.2d 206, 207 (1978), quoting from *Knapp v. Bailey*, 79 Me. 195, 204, 9 A. 122, 124 (1887). *See also Hopkins v. McCarthy*, 121 Me. 27, 115 A. 513 (1921).

■ In the present case there was competent evidence supporting the justice's conclusion that Robert Michaud had sufficient knowledge of the circumstances surrounding Bernice Dumais' conveyance to the Gagnons to create a duty on him to inquire further into the location of the Gagnons' property. The recorded deeds in Spruce Enterprises' chain of title showed that Bernice Dumais had conveyed to the Gagnons a parcel most of which she did not own. Since Michaud testified that he knew that the Gagnons' lot reduced the amount of the tract's highway frontage, he should have reasonably inferred that the Gagnons' property was located somewhere between the parcels belonging to Joel Bellefleur and Roger Dumais. Certain witnesses testified that before Spruce Enterprises purchased the tract Michaud had been told that the tract contained only about 400 feet of high-

way frontage—an impossibility if the Gagnons' property lay westerly of Joel Bellefleur's lot. Finally, there was testimony in the record that Michaud entered the tract before his corporation purchased it at a time when the stakes and culvert that Leo Gagnon had installed on the supposed site of his property were plainly visible.

The evidence of all these facts in combination is sufficient to support the trial justice's conclusion that the circumstances placed on Spruce Enterprises the duty to investigate the possibility that the Gagnons' lot did not adjoin the northwesterly boundary of Joel Bellefleur's property but, rather, adjoined its southeasterly boundary. No excuse appearing for its failure to pursue that duty of inquiry, Spruce Enterprises did not have the status of bona fide purchaser for value without notice.

## II. *The Gagnons' Right to Restitution*

Spruce Enterprises argues that even if reformation was properly granted, the curative transaction between Spruce and the Gagnons should not have been declared "void for lack of consideration." According to Spruce, mere lack of consideration is not a ground for canceling the exchanged deeds. Furthermore, Spruce contends, there was consideration for the transaction: in return for $1500 and a deed to the mistakenly described property, the Gagnons received exactly what they wanted—the removal of a cloud on their title; therefore, the curative conveyance represented an enforceable contract between Spruce Enterprises and the Gagnons. We are unpersuaded by this argument.

■ While it is true that mere lack of consideration, in the absence of fraud, is not a ground for canceling a deed, *see* 6 G. Thompson, *Real Property* § 3113 (1962), that principle is inapposite here. After the judgment of reformation of the deed from Bernice Dumais to the Gagnons, the deeds exchanged between Spruce Enterprises and the Gagnons ceased to have any legal effect; that which the curative deeds purported to accomplish was achieved by the judicial reformation of the deed from Bern-

ice Dumais to the Gagnons.[1] Although the presiding justice purported to declare the curative deeds null and void, they were in any event rendered a nullity by force of the judgment of reformation. The Gagnons' entitlement to reimbursement did not depend on the validity of Spruce Enterprises' deed, but rather on whether that deed represented valuable consideration for the Gagnons' payment of $1500. There was competent evidence in the record to support the trial justice's conclusions that the deed from Spruce Enterprises to the Gagnons was valueless and that the Gagnons were therefore entitled to restitution of their $1500.

At trial, Robert Michaud testified that Spruce Enterprises never pretended to be conveying land to the Gagnons when it delivered to them a deed to their land; rather, that Spruce Enterprises, aware of the mistake in the deed from Bernice Dumais to the Gagnons, purported to transfer only its "technical legal title" to the land, Spruce having no equitable right to the property. There was thus no bona fide dispute concerning Spruce's rights in the Gagnons' lot the settlement of which might have represented consideration for the Gagnons' payment. *Cf. Dom J. Moreau & Son, Inc. v. Federal Pac. Elec. Co.*, Me., 378 A.2d 151, 153 (1977).

The presiding justice found as a fact that while the Gagnons were unaware that they had legally enforceable rights to the land, Robert Michaud realized that Spruce Enterprises did not actually own the land but rather held the bare legal title. Under those circumstances, the Gagnons were entitled to restitution of the $1500 they paid for the deed to their lot. *See Restatement of Restitution* § 24, Comment e (1937).[2]

### III. *Spruce Enterprises' Rights Under Bernice Dumais' Warranty Deed*

When Bernice Dumais conveyed the tract to Spruce Enterprises, she did so by a general warranty deed. Spruce argues that after the deed from Bernice Dumais to the Gagnons was reformed, Spruce was divested of its title to what is now the Gagnons' lot. Consequently, Spruce contends, Bernice Dumais is liable under her general warranty to reimburse Spruce Enterprises for the value of the Gagnons' property. We disagree.

The earliest possible time that Bernice Dumais could have broken any of the covenants in her deed to Spruce Enterprises was when she executed that deed. By force of the judicial reformation of her deed to the Gagnons, her deed to Spruce Enterprises was rendered correct since it expressly excepted the lot conveyed by the Dumais-Gagnon deed. Where, as here, reformation will not impair the rights of innocent purchasers for value or other reliance interests requiring protection, the judgment decreeing reformation relates back in time to the execution of the reformed instrument. In such a case, regarding as done that which ought to be done, equity treats the reformed deed as corrected *ab initio* against a party to the deed who had imputed knowledge of the initial mistake in the integration of the instrument. *E. g., Beason v. Duke*, 246 Ala. 387, 20 So.2d 717

---

1. After reformation, the Gagnons received the legal title to their lot and Bernice Dumais recovered legal title to the lower third of the land described in the erroneous deed. However, Mrs. Dumais did not retain the recovered title. Because of the warranties contained in the deed from Bernice Dumais to Spruce Enterprises, the recovered title passed automatically to Spruce Enterprises through application of the doctrine of estoppel by warranty deed. *Taylor v. Richardson*, Me., 432 A.2d 1307, (1981); *Lapitre v. Breton*, 134 Me. 300, 186 A. 706 (1936). *See also Loose-Wiles Biscuit Co. v. Deering Village Corp.*, 142 Me. 121, 48 A.2d 715 (1946) (covenant of quiet enjoyment).

2. [T]he representations of ownership inferred from contracting to sell or from making a conveyance, if innocently made, are not such misrepresentations as make the transaction voidable. If, however, the seller knows facts from which he realizes that he has no title or only a doubtful title and also has reason to believe that the buyer does not know these facts, his failure to reveal such facts is fraudulent non-disclosure and the buyer is entitled to restitution, unless he also knows the facts . . . .

*Restatement of Restitution* § 24, Comment e (1937).

738

(1945); *Mason v. Jarrett*, 218 Ark. 147, 234 S.W.2d 771 (1950); *Eastern Kentucky Production Credit Ass'n v. Scott*, 247 S.W.2d 983 (Ky.App.1952). Therefore, after the presiding justice ordered reformation of the deed from Bernice Dumais to the Gagnons, there remained no ground for Spruce Enterprises to hold Dumais liable on the covenants in her deed to Spruce. *See Dent v. Hobson*, 189 Mo.App. 140, 175 S.W. 289 (1915).

The same result is reached by an alternative analysis: the net effect of upholding reformation of the Dumais-Gagnon deed is that Bernice Dumais has an equitable defense to Spruce Enterprises' claim against her for breach of her covenants. Although no change in the language of the Dumais-Spruce deed is necessary after reformation of the Dumais-Gagnon deed because the Gagnon lot is explicitly excepted in the deed to Spruce, the meaning of the exception is different after reformation of Dumais' deed to Gagnon. No intervening reliance interests being involved, Bernice Dumais has an equitable defense against the warranty claim by Spruce, which took with imputed knowledge of the mistake in the Dumais-Gagnon deed.

On either theory, the presiding justice properly dismissed Spruce Enterprises' counterclaim against Bernice Dumais.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.