H.E. "Gene" Monroe, as revenue commissioner of the State of Alabama ("the Commissioner"), appeals from a summary judgment reforming a deed to real property, pursuant to § 35-4-153, Ala. Code 1975, so as to show Cora W. Martin ("Mrs. Martin") as the sole grantee of a parcel of real property in Huntsville, Alabama. We affirm.
The facts in this case are essentially undisputed and are derived from the materials submitted in connection with Mrs. Martin's summary judgment motion. In August 1992, Mrs. Martin entered into a contract to purchase a parcel of real property from Michael L. Costello and Jeralynn R. Costello; that contract lists Mrs. Martin as the sole purchaser. On October 1, 1992, when the parties closed the sale of the parcel, Mrs. Martin executed, in her name alone, a note payable to Troy Nichols, Inc., which had provided funds for the purchase of the property. At that time, Mrs. Martin was informed by the closing attorney that her then estranged husband, William L. Martin ("Mr. Martin"), would be required to sign a mortgage in favor of Troy Nichols so that his homestead exemption would be waived as to the mortgage lien of Troy Nichols. A mortgage form was prepared that listed both Mr. Martin and Mrs. Martin as mortgagors, and both signed that form. However, the closing attorney's secretary, who was to prepare the deed from the Costellos to Mrs. Martin, inadvertently listed both Mrs. Martin and Mr. Martin as grantees, and this error was not detected by the Costellos (who simply signed the deed as instructed by the closing attorney) or by Mrs. Martin (who relied upon the closing attorney's office to prepare the deed in accordance with the contract for sale). That deed was recorded on October 2, 1992.
Several weeks later, after the recorded deed had been returned to Mrs. Martin from the Madison County Probate Court, Mrs. Martin noticed, for the first time, that Mr. Martin had been identified in the deed as a grantee. Upon discovery of the error, the closing attorney prepared, for execution by the Costellos, a corrective deed listing only Mrs. Martin as a grantee. The Costellos executed this corrective deed on November 14, 1992, and it was recorded four days later.
In January 1997, Mrs. Martin filed her complaint in this action, seeking reformation of the original deed; she alleged that Mr. Martin had liens recorded against his property in Madison County, including liens in favor of the Alabama Department of Revenue ("the Department") and the United States Internal Revenue Service ("the IRS"). Mrs. Martin originally named Mr. Martin, the Department, and the IRS as defendants; however, the United States moved to be substituted for the IRS as a defendant, and Mrs. Martin filed an amended complaint substituting the Commissioner for the Department as a defendant. Mrs. Martin subsequently filed a motion for a summary judgment, supported by her affidavit, as well as the affidavits of the Costellos and the closing attorney. The Commissioner did not submit any evidentiary materials in response, but filed a brief contesting Mrs. Martin's entitlement to a summary judgment. The trial court subsequently entered a summary judgment in favor of Mrs. Martin.
The Commissioner appealed to the Supreme Court of Alabama; that court transferred the appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975. The United States has not appealed.
 "In order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment carries no presumption of correctness, and our review of a summary judgment is de novo. Because neither party argues the existence of disputed material facts, we must determine whether the [movant is] entitled to a judgment as a matter of law."
McCool v. Morgan County Comm'n, 716 So.2d 1201, 1202
(Ala.Civ.App. 1997) (citations omitted).
The Commissioner contends that the trial court erred in allowing equitable reformation of the deed, in light of the State's outstanding *Page 703 
tax lien against the assets of Mr. Martin.[1] Briefly stated, his position is that during the period while the original deed was recorded, Mr. Martin had an interest in the described parcel, an interest to which the State's tax lien could attach, and that the State's tax lien takes priority over, and cannot be defeated by, any right to reformation Mrs. Martin may assert.
Section 35-4-153, Ala. Code 1975, provides as follows:
 "When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value."
(Emphasis added). This statute is merely declaratory of equitable principles governing the reformation of instruments that have been applied by equity courts since long before its incorporation into the Alabama Code in 1923. See City of Oneonta v. Sawyer,244 Ala. 25, 26, 12 So.2d 82, 83 (1943). With the merger of law and equity (Rule 2, Ala. R. Civ. P.), the circuit court has the power to grant equitable relief, such as reformation of an instrument.See Waters v. Jolly, 582 So.2d 1048, 1053 n. 3 (Ala. 1991).
With this principle in mind, we consider whether the trial court properly awarded the equitable relief Mrs. Martin sought. Under well-settled principles, a court of equity "has the power by reformation to correct a mutual mistake of the parties in the conveyance of land." Beason v. Duke, 246 Ala. 387 388,20 So.2d 717, 717 (1945). Specifically, "[a] bill will lie . . . to strike the grantee's husband's name from a deed conveying title to them jointly where the wife alone made the purchase." 76 C.J.S.Reformation of Instruments, § 41 (1952). Moreover, unless a party against whom reformation is sought is a bona fide purchaser for value, or stands in a similar relation, reformation, if granted, will be effective as of the date of the instrument to be reformed. Id., 246 Ala. at 389, 20 So.2d at 718; see alsoCopeland v. Warren, 214 Ala. 150, 153, 107 So. 94, 96 (1926) (reformation of a conveyance relates back to the date of the original conveyance).
The Commissioner concedes that "the State of Alabama did not give value for its tax lien and would not be protected under [§ 35-4-153, Ala. Code 1975,] against the relation back of reformation." However, the applicable tax lien statute relied upon by the Commissioner, § 40-29-20, Ala. Code 1975 specifically states that "[i]f a person liable to pay any tax . . . neglects or refuses to pay the same, the amount . . . shall be a lien in favor of the State of Alabama upon allproperty and rights to property, whether real or personal, tangible or intangible, belonging to such person" (emphasis added). Therefore, the decisive question in this appeal is whether Mr. Martin ever had any property rights in the parcel at issue to which the state's lien could attach. Conversely, whether the State of Alabama is entitled by statute to priority over others' interests in property belonging to Mr. Martin is not an issue. For this reason, In re Haas, 31 F.3d 1081 (11th Cir. 1994), cert. denied, 515 U.S. 1142, 115 S.Ct. 2578,132 L.Ed.2d 828 (1995), which concerns the priority of a federal tax lien (which did attach) over a reinstated mortgage lien, is inapposite.[2]
Mrs. Martin sought a judgment reforming the original deed so that it would reflect the original intention of the Costellos and Mrs. Martin (as reflected in the corrected deed) that she alone would hold title to *Page 704 
the parcel described therein. The trial court had the power to enter such a judgment, because it is well settled that "when a court of equity is presented with such facts as warrant, it is fully justified to regard substance rather than form and treat as done that which ought to have been done, if such is necessary to effectuate the true intent of the parties." Newton v. Roe,290 Ala. 191, 194, 275 So.2d 135, 137 (1973). The trial court's reformation relates back to the date of the original instrument.See Copeland, 214 Ala. at 153, 107 So. at 96. Under these principles, Mr. Martin never had a property interest in the parcel Mrs. Martin purchased from the Costellos, and there was therefore no "property" or "rights to property" to which the lien set forth in § 40-29-20 could have attached.
Even were we to conclude that Mr. Martin had an interest in the property to which the State's tax lien could attach, the trial court still would have been empowered to divest Mr. Martin of that interest, despite the intervention of the tax lien. According to the Alabama Supreme Court, the State of Alabama's position as a tax lienor is analogous to that of a "judgment creditor" of the delinquent taxpayer. Department of Revenue v.Price-Williams. 545 So.2d 7, 9 (Ala. 1989). However, an equity court finding that one entitled to reformation of an instrument with respect to one party "will not merely stop with that relief, but will also grant relief in the same suit against all who claim under [that party] . . . who are not purchasers for value."Kinney v. Kinney, 230 Ala. 558, 560, 161 So. 798, 800 (1935). Accordingly, "[r]eformation will be allowed not only as against the original parties, but also against those claiming under them in privity, such as . . . judgment creditors." Beasley v. MellonFin. Servs. Corp., 569 So.2d 389, 394 (Ala. 1990). The trial court therefore would not have erred in reforming the deed as against the State, even had Mr. Martin actually acquired an interest in Mrs. Martin's parcel by virtue of the Costellos' erroneous original deed.
Finally, we cannot agree with the Commissioner's argument that the enactment of Chapter 29, Title 40, Alabama Code 1975, somehow "repeals" or "supersedes" the right of equitable reformation codified in § 35-4-153, Ala. Code 1975. While § 40-29-2, Ala. Code 1975, states that the provisions of that chapter will prevail "[i]n the event of any conflict between the provisions of [that] chapter and those of any other specific statutory provisions contained in . . . any other title," it is the duty of this court in construing a statute to avoid, if possible, a construction that will place a statute in conflict with another. Bryce Hosp. Credit Union, Inc. v. Warrior Dodge, Inc., 50 Ala. App. 15,21, 276 So.2d 602, 607 (Civ. App.), cert. denied,290 Ala. 362, 276 So.2d 607 (1973). There is no "conflict" between a statute declaring the equitable rights of parties to seek reformation of a conveyance of property so as to reflect the truth and statutes providing for the attachment of a tax lien to property of taxpayers who were not bona fide parties to the conveyance. If the legislature had intended for the state's tax lien to attach to property rights of persons other than the person who failed to pay his or her taxes, it would not have drafted § 40-29-20 so as to limit the applicability of such liens to "property and rights to property" belonging to "such person."
Based upon the foregoing facts and authorities, we affirm the summary judgment in favor of Mrs. Martin.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.
[1] Although the Commissioner contended in his initial brief that Mrs. Martin was barred from relief on the basis that she purportedly has "unclean hands," he has apparently withdrawn that contention in his reply brief, stating that "the requirement of `clean hands' would not appear to be an element that [Mrs. Martin] would have to prove." We therefore do not reach the issue whether Mrs. Martin had clean hands.
[2] Because the United States was named as a defendant in this case, but has not appealed, we are not called upon in this case to decide the implications of a state court judgment potentially affecting a federal tax lien.